IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 25-cv-00692-PAB

MICHELLE O'LEARY, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

YES COMMUNITIES, LLC,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Plaintiffs' Unopposed Motion to Consolidate Cases [Docket 9], filed by plaintiff Michelle O'Leary, plaintiff Terry Wilkins (plaintiff in *Wilkins v. Yes Communities, LLC*, 25-cv-00698-JLK), plaintiff Teresa Starks (plaintiff in *Starks v. Yes Communities, LLC,* 25-cv-00728-PAB), and plaintiff Brenton Kay (plaintiff in *Kay v. Yes Communities, LLC*, 25-cv-00819-NYW-CYC). Ms. O'Leary moves to consolidate this case with *Wilkins v. Yes Communities, LLC*, 25-cv-00698-JLK, *Starks v. Yes Communities, LLC,* 25-cv-00728-PAB, and *Kay v. Yes Communities, LLC*, 25-cv-00819-NYW-CYC (the "Related Cases"). *Id.* at 1-2. Defendants in this case and the Related Cases agree to consolidation. *Id.* at 3.

Rule 42 of the Federal Rules of Civil Procedure permits consolidation when cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th

Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)). Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Plaintiffs assert that the Related Cases involve common questions of law and fact. Docket No. 9 at 4-5. In the present case, Ms. O'Leary, on behalf of herself and all others similarly situated, asserts claims for negligence, breach of implied contract, and unjust enrichment against defendant Yes Communities, LLC ("Yes Communities"). Docket No. 1 at 32-48. Ms. O'Leary alleges the following: Yes Communities is a "real estate company that specializes in ownership and management of residential communities serving thousands of residents nationwide," *id.* at 1, ¶ 2; in the "ordinary course of receiving services from Yes Communities," she was required to provide her personal information to Yes Communities, *id.* at 5, ¶ 23; Yes Communities discovered that an unauthorized party had accessed certain company files between December 9, 2024 and December 11, 2024 (the "Data Breach"), *id.* at 2, ¶ 5; on February 24, 2025, Yes Communities sent out letters to "individuals whose information was compromised as a result of the hacking incident," *id.*, ¶ 4; "data thieves" used the personal information they accessed in the data breach to "commit a variety of crimes," *id.*, ¶ 8; and she is at

"significant risk of identify theft and various others forms of personal, social, and financial harm." *Id*., ¶ 6.

In the Related Cases, plaintiffs bring claims against Yes Communities arising out of the Data Breach and the exposure of their personal information. *See Wilkins v. Yes Communities, LLC*, 25-cv-00698-JLK, Docket No. 1 at 1-2, ¶ 2; *Starks v. Yes Communities, LLC,* 25-cv-00728-PAB, Docket No. 1 at 1, ¶ 1; *Kay v. Yes Communities, LLC*, 25-cv-00819-NYW-CYC, Docket No. 1 at 1-2, ¶¶ 3-4. The plaintiffs in the Related Cases bring claims against Yes Communities for negligence, breach of implied contract, and unjust enrichment. *See Wilkins v. Yes Communities, LLC*, 25-cv-00698-JLK, Docket No. 1 at 39-49; *Starks v. Yes Communities, LLC,* 25-cv-00728-PAB, Docket No. 1 at 18-30; *Kay v. Yes Communities, LLC*, 25-cv-00819-NYW-CYC, Docket No. 1 at 32-43. These are the same three claims that Ms. O'Leary alleges. Like Ms. O'Leary, the plaintiffs in the Related Cases name only one defendant, Yes Communities.

Both lawsuits involve overlapping legal and factual questions, which warrants consolidation. As a result, the Court finds that consolidation would promote judicial economy and that the efficiency benefits of consolidation also outweigh any possible prejudice to the parties. *See Harris*, 687 F.2d at 1368.

For the foregoing reasons, it is

**ORDERED** that the Plaintiffs' Unopposed Motion to Consolidate Cases [Docket No. 9] is **GRANTED**. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 25-cv-00692-PAB, 25-cv-00698-JLK, 25-cv-00728-PAB, and 25-cv-00819-NYW-CYC shall be consolidated. It is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 42.1, Civil Action Nos. 25-cv-00698-JLK and 25-cv-819-NYW-CYC shall be assigned to Chief Judge Philip A. Brimmer.  It is further

**ORDERED** that Civil Action Nos. 25-cv-00692-PAB, 25-cv-00698-JLK, 25-cv-00728-PAB, and 25-cv-819-NYW-CYC shall be referred to Magistrate Judge N. Reid Neureiter.  It is further

**ORDERED** that, as of the date of this order, all future pleadings and other filings shall be filed in this case only and shall be captioned as follows:

_____

Civil Case No. 25-cv-00692-PAB-NRN

    (Consolidated with Civil Case Nos. 25-cv-00698-PAB-NRN, 25-cv-00728-PAB-NRN, and 25-cv-00819-PAB-NRN)

_____

Civil Case No. 25-cv-00692-PAB-NRN

MICHELLE O'LEARY, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

YES COMMUNITIES, LLC,

    Defendant.

_____

Civil Case No. 25-cv-00698-PAB-NRN

TERRY WILKINS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

YES COMMUNITIES, LLC,

    Defendant.

_____

Civil Case No. 25-cv-00728-PAB-NRN

TERESA STARKS, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

YES COMMUNITIES, LLC,

    Defendant.

_____

Civil Case No. 25-cv-00819-PAB-NRN

BRENTON KAY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

YES COMMUNITIES, LLC,

    Defendant.
_____

    DATED April 22, 2025.

                                BY THE COURT:

                                _____
                                PHILIP A. BRIMMER
                                Chief United States District Judge